### Reuben Bruce v. Mary J. Partridge, Adm'x, etc.

1. Administration of Estates—*Evidence Held to Justify an Order for the Possession of Goods Belonging to an Estate.*—In the trial of a citation sued out by an administratrix under the administration act wherein it is claimed defendant has possession of property belonging to the estate of the deceased, the evidence is considered and held to justify an order in favor of the administrator.

2. Reversible Error—*When the Admission of Testimony is Not.*— Where, in the trial of a case without a jury, the court permitted a wit-

Bruce v. Partridge.

ness to testify generally, and afterward excluded that portion of his testimony which was incompetent, the original admission of the testimony is not reversible error.

**Citation.**—Administration of estates.  Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding.  Heard in this court at the October term, 1900.  Affirmed.  Opinion filed February 13, 1901.  Rehearing denied April 4, 1901.

GEORGE B. FOSTER, attorney for appellant.

WM. S. KELLOGG, attorney for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Mary J. Partridge, administratrix of the estate of Leonard Partridge, deceased, filed a petition in the County Court under the administration act, claiming Reuben Bruce held possession of certain machinery belonging to the estate, and that he refused to deliver it to her, and praying a citation.  A citation was issued and served, and there was a trial in the County Court and a final order there, from which an appeal was prosecuted to the Circuit Court, and the case was there tried without a jury.  It was there ordered that Bruce turn over to the administratrix a Telescope Grain Weigher, an Imperial Straw Stacker, and the twelve-horse power second-hand Huber Traction Engine, No. 1274, being the machinery described in the petition.  From that order Bruce prosecutes this appeal.

The main question is one of fact.  Bruce claims he was a partner of Partridge in the ownership of said machinery.  The administratrix claims Bruce was not a partner, but only surety for Partridge on certain notes given for the purchase price of the machinery, and that he was also in the employ of Partridge in running said machinery.  The proof is contradictory.  The order for the machinery was signed by both Partridge and Bruce, and so were the notes, and this tends to prove they bought it jointly.  On the other hand, the order recites that Partridge was to accept the machinery at certain places, indicating he alone was the purchaser.

Partridge had occasion to furnish a schedule to a consta-

ble who held an execution against him, and did not schedule this machinery. This was probably in reliance upon the terms of the order, which provided the machinery should belong to the seller till paid for, which has not yet been done. One witness testified Partridge told him he and Bruce were running the machinery in partnership, but it was shown at the trial in the County Court this witness testified that Partridge's statement was that they were running it together. Bruce testified that he and Partridge were partners, but he was an incompetent witness to testify on that subject, and the court so ruled afterward. On the other hand, there was much evidence to show that Bruce had repeatedly stated, at the time he was running the machinery, that he was working for Partridge (his brother-in-law) at $4 per day; that after the death of Partridge, he told various persons he had no interest in this machinery, except that he was surety on notes given for its purchase and wanted the administratrix to get good notes for it when she sold it, so that the notes he had signed would be paid. It was also proven that at an auction sale Bruce held, he permitted the administratrix to put this machinery up for sale as the property of the estate, and it was so offered and sold; and he then told the auctioneer that he had no interest in this machinery, and that the auctioneer must look to the administratrix for his commissions on its sale; which the auctioneer did, and the administratrix paid him. The purchaser at that sale failed to give sufficient security, and the sale fell through. The machinery was stored in a shed on Bruce's premises, and he afterward took possession of it, and refused to deliver it to the administratrix. We are of opinion the clear preponderance of the competent testimony is with the administratrix.

The court permitted Bruce to testify generally, subject to objection, and at the close of the testimony, on motion, the court ruled in accordance with the statute as to the portions of his testimony which were competent, excluding the rest. We find no reversible error in the record, and are of opinion the order does substantial justice. The order is therefore affirmed.